**WOODS CODE 3, INC. d/b/a Americom Site Development, Appellant**

**v.**

**JPMORGAN CHASE BANK, N.A., Appellee.**

No. 09–08–00317–CV.

Court of Appeals of Texas, Beaumont.

Submitted May 14, 2009.

Decided July 16, 2009.

Eric Yollick, Yollick Law Firm, P.C., The Woodlands, for appellant.

Bradley J. Johnson, JPMorgan Chase & Co., Dallas, S. David Smith, McGlinchey Stafford, Houston, for appellee.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Woods Code 3, Inc. d/b/a Americom Site Development ("Americom") appeals the take-nothing summary judgment granted in favor of JPMorgan Chase Bank, N.A. ("Chase") on Americom's claims of aiding and abetting breach of fiduciary duty under Section 3.307 of the Texas Business and Commerce Code and common law.[1] *See* TEX. BUS. & COM.CODE ANN. § 3.307 (Vernon 2002). We hold that the summary judgment evidence does not raise a genuine issue of material fact that Chase knew of the breach of duty by the fiduciary. Accordingly, we affirm the judgment.

Americom raises two issues on appeal:

[Issue One:] The trial court erred in granting a summary judgment in favor of Chase and against Americom with respect to Americom's claim for aiding and abetting a breach of fiduciary duty under sections 3.306 and 3.307 of the Texas Business and Commerce Code and under Texas common law, because genuine issues of material fact existed that precluded a summary judgment.[2]

[Issue Two:] The trial court erred in granting a summary judgment in favor of Chase and against Americom on the statute of limitations, because Chase had taken some of the checks less than three years prior to the filing of the lawsuit and there were genuine issues of material fact regarding discovery.

Americom gave its former bookkeeper, Terrie Johnson, signature authority to transact business on Americom's bank account with Woodforest National Bank, N.A.[3] From 2000 to 2005, Johnson wrote hundreds of Woodforest account checks and deposited the checks into her personal checking account with Chase.[4] Some of the checks were made payable to Johnson and indorsed by her signature, but many of the checks were signed in blank or made payable to fictitious accounts or payees and were indorsed for deposit only to Johnson's personal account. Chase accepted the checks for deposit into Johnson's account and Woodforest honored all of the checks.

On appeal, Americom argues a fact issue exists on whether Chase had notice of Johnson's breach of fiduciary duty pursuant to Section 3.307 of the Texas Business and Commerce Code. *See* TEX. BUS. & COM.CODE ANN. § 3.307. In reviewing the granting of a summary judgment, we accept as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). The summary judgment will be affirmed only if the movant establishes its right to summary judgment as a matter of law. TEX.R. CIV. P. 166a(c).

---

1. Americom alleged other claims not at issue in this appeal.

2. Americom's petition does not mention Section 3.306. *See* TEX. BUS. & COM.CODE ANN. § 3.306 (Vernon 2002).

3. Americom non-suited its claims against Woodforest.

4. Americom recovered against Johnson in a separate lawsuit.

In the transactions at issue, the checks were issued by Americom, signed by Johnson as Americom's fiduciary, and were taken by Chase for deposit into Johnson's personal account. Chase "does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty." *See* TEX. BUS. & COM.CODE ANN. § 3.307(b)(3).[5] "Knowledge" means actual knowledge and "[k]nows" has a corresponding meaning. TEX. BUS. & COM. CODE ANN. § 1.202(b) (Vernon 2009). The summary judgment evidence contains no evidence that any of the tellers who took the checks were aware or even suspected that Johnson did not have the authority to deposit the checks into her account.

In its summary judgment response, Americom argued that Chase knew of the breach of fiduciary duty because Chase's tellers accepted checks for deposit into Johnson's account that were not made payable to Johnson and Johnson did not place her signature on the back of the checks.[6] Many of the checks did not state a payee, or were payable to the order of cash, and Johnson personally deposited the checks into her account. *See* TEX. BUS. & COM.CODE ANN. § 3.109(a) (Vernon 2002). Others were payable to Johnson personally and deposited by her into her account. Many others did not name a payee but were payable to a number that did not correspond to a bank account number.

Americom argues that a fact issue is raised by Chase's acceptance for deposit into Johnson's account checks not made payable to Johnson in her name. However, the summary judgment record establishes that Johnson wrote the checks with herself as the intended payee. "The person to whom an instrument is initially payable is determined by the intent of the person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the instrument." TEX. BUS. & COM.CODE ANN. § 3.110(a) (Vernon 2002). "The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person." *Id.* "A person to whom an instrument is payable may be identified in any way, including by name, identifying number, office, or account number." *Id.* § 3.110(c). "If an instrument is payable to an account and the account is identified only by number, the instrument is payable to the person to whom the account is payable." *Id.* § 3.110(c)(1).

Americom argues Chase knew of Johnson's breach of fiduciary duty because her signature does not appear on the back of many of the checks. Johnson wrote "deposit only" and her personal bank account number on the back of each check. A bank may accept an unindorsed check for collection. TEX. BUS. & COM.CODE ANN. § 4.205 (Vernon 2002). None of the instruments were payable to Americom; accordingly, the absence of Americom's or Johnson's name on the indorsement would not provide Chase with actual knowledge of a breach of fiduciary duty by Johnson. *Compare* TEX. BUS. & COM.CODE ANN. § 3.307(b)(2) ("[I]n the case of an instrument payable to the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if

---

**5.** Americom relies on Section 3.307(b)(2). *See* TEX. BUS. & COM.CODE ANN. § 3.307(b)(2) (Vernon 2002). None of the checks were *payable* to Americom or to Johnson in her fiduciary capacity. Accordingly, Section 3.307(b)(2) does not apply in this case. Chase was not the *payee* on any of the checks; thus, Section 3.307(b)(4) is also inapplicable here. *See id.* § 3.307(b)(4).

**6.** As we have noted above, some checks were payable to Johnson and her signature often appears on the back of those checks.

the instrument is: ... (C) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person[.]") *with* TEX. BUS. & COM. CODE ANN. § 3.307(b)(3) ("[I]f an instrument is issued by the represented person or the fiduciary as such, and made payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty[.]").

Notice pursuant to Section 3.307(b) provides Americom's sole basis argued on appeal to support Chase's liability for aiding and abetting a breach of fiduciary duty. No genuine issue of material fact exists regarding whether Chase knew Johnson was breaching her fiduciary duty to Americom when she deposited the checks into her personal account with Chase. Americom contends Chase had notice of Johnson's breach of fiduciary duty sufficient to alter Chase's status as a holder in due course because the checks were deposited into an account other than an Americom account or a fiduciary account, but that notice would apply only to instruments made payable to Americom or to Johnson as a fiduciary. *See* TEX. BUS. & COM.CODE ANN. § 3.307(b)(2); *see also* TEX. BUS. & COM.CODE ANN. § 3.307, cmt. 3. The summary judgment record reveals that none of the checks were payable to Americom or to Johnson as Americom's fiduciary. We overrule issue one.

Americom's second issue challenges an independent ground for partial summary judgment raised by Chase in its second motion for summary judgment, which asserted a limitations defense regarding all checks deposited before July 5, 2003. Americom contends that "Chase's limitations defense would not defeat Americom's cause of action under section 3.307 of the UCC" for those checks deposited within three years of Americom filing suit on

July 5, 2006. *See* TEX. BUS. & COM.CODE ANN. § 3.118(g) (Vernon 2002). Because we affirm the summary judgment on the ground that Chase established its right to summary judgment as a matter of law on Americom's claims for aiding and abetting a breach of fiduciary duty under Section 3.307 of the Texas Business and Commerce Code, the judgment may be affirmed without deciding whether Chase established its limitations defense as a matter of law. Thus, addressing issue two is not necessary to final disposition of the appeal. *See* TEX.R.APP. P. 47.1. Accordingly, we affirm the judgment without addressing issue two.

AFFIRMED.